```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION

TAMMY DIAZ                                       PLAINTIFF

VS.                         CIVIL ACTION NO. 3:10CV551TSL-MTP

UNITED STATES OF AMERICA                         DEFENDANT
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant United States of America to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or, alternatively, for summary judgment pursuant to Rule 56. Plaintiff Tammy Diaz has responded to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that the United States' motion for summary judgment should be granted.

On August 30, 2005, plaintiff Tammy Diaz was involved in an automobile accident with Walter Sepulveda on Interstate 55 in Madison County, Mississippi. According to the Government, at the time of the accident, Sepulveda was an employee of the United States Health and Human Services Office of the Assistant Secretary for Emergency Preparedness and was part of a National Disaster Medical Service Disaster Medical Assistance Team that was traveling in a convoy to the site of Hurricane Katrina to provide medical assistance to injured persons in the region.

On August 29, 2008, one day before the state's three-year statute of limitations would have expired, plaintiff filed suit

against Sepulveda in the Circuit Court of Madison County, Mississippi for negligence and seeking damages under state law on account of injuries she allegedly sustained in the accident. Plaintiff purportedly had Sepulveda personally served with process on December 24, 2008 in his home state of North Carolina and thereafter, on February 10, 2009, she filed an application for clerk's entry of default and separate motion for default judgment, citing Sepulveda's failure to timely answer or otherwise defend the complaint.  The Madison County Circuit Clerk entered default that same day, February 10, 2009.  However, nothing further transpired in the case until over a year later, when on June 17, 2010, the Madison County Circuit Clerk issued a motion to dismiss for want of prosecution.  Plaintiff responded by filing a notice of hearing for October 11, 2010 on her motion for default judgment; a copy of the notice was mailed to Sepulveda's home address in North Carolina.

   On October 1, 2010, prior to the scheduled hearing, Sepulveda removed the case to this court pursuant to the Federal Tort Claims Act (FTCA), as amended by the Westfall Act, 28 U.S.C. § 2679, following which the United States Attorney General, through his representative, filed a certification pursuant to § 2679(d)(1) that Sepulveda was acting within the scope of his employment at the time of the accident, and contemporaneously filed a notice substituting the United States as a defendant, pursuant to


§ 2679(d)(2).[1]  Soon thereafter, the United States filed the present motion to dismiss or, alternatively, for summary judgment.

The government seeks dismissal of plaintiff's complaint for lack of subject matter jurisdiction, contending that since Sepulveda was acting within the scope of his employment at the time of the subject accident, plaintiff's exclusive remedy for his alleged negligence lies under the Federal Tort Claims Act (FTCA),

---

[1] The Westfall Act, which amends the Federal Tort Claims Act, provides that, upon certification by the Attorney General or his designated representative that the government employee was acting within the scope of his employment at the time of the allegedly tortious act, the United States may remove the action to federal court and substitute itself as the defendant in the suit. 28 U.S.C. § 2679(d) states:

> (1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.
>
> (2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.  Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.  This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679, and that since plaintiff failed to file a timely administrative tort claim with Sepulveda's employing agency prior to filing suit, as required by the FTCA, this court lacks jurisdiction to hear her claim.  For the reasons that follow, the court agrees.

The FTCA/Westfall Act grants federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties.  See 28 U.S.C. § 2679(b)(1).  The Act waives sovereign immunity and allows private individuals to sue the federal government for the negligent torts of its employees by granting federal courts exclusive subject-matter jurisdiction over such actions.  See 28 U.S.C. § 1346(b)(1).  The FTCA is the exclusive remedy for a common law tort action based on alleged acts of a federal employee committed in the course and scope of his office or employment. See McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998) (citing 28 U.S.C. § 2679).[2]

---

    [2]   See also 28 U.S.C. § 2679(b)(1) ("The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred."); 28 U.S.C. § 1346(b)(1) ("... the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury

When a federal employee is sued for negligent conduct, the Act empowers the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." § 2679(d)(1), (2). Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee, and from that point, the litigation is governed by the FTCA. See id. The Act provides that if the case against a federal employee is commenced in state court, the case is to be removed to a federal district court, and the Attorney General's certification is "conclusiv[e] ... for purposes of removal." § 2679(d)(2). See Osborn v. Haley, 549 U.S. 225, 229-230, 127 S. Ct. 881, 887-888, 166 L. Ed. 2d 819 (2007).

The FTCA provides that an "action shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate ... agency and his claim shall have been finally denied by the agency." See 28 U.S.C. § 2675(a).³ Such claim must

---

or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.").

   ³   Title 28 U.S.C. § 2675(a) provides, in pertinent part:
   An action shall not be instituted upon a claim against
   the United States for money damages for injury or loss
   of property or personal injury or death caused by the

5

be presented within two years of the date the claim accrues.  See 28 U.S.C. § 2401(b) (stating that "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").  "Exhaustion of administrative remedies [under 28 U.S.C. § 2675(a)] is a jurisdictional prerequisite to suit under the Tort Claims Act, and absent compliance with the statute's requirement the ... court [is] without jurisdiction." McAfee v. 5th Circuit Judges, 884 F.2d 221, 222-23 (5th Cir. 1989), cert. denied, 493 U.S. 1083, 110 S. Ct. 1141, 107 L. Ed. 2d 1046 (1990).  And, because it is a jurisdictional prerequisite, the timely filing of an administrative claim cannot be waived.  Gregory v. Mitchell, 634 F.2d 199, 204 (5th Cir. 1981).

The Government herein contends that because plaintiff has not alleged and cannot show that she presented a claim with Sepulveda's employing agency within two years of the subject accident, then this court lacks jurisdiction over her claims and the case must be dismissed.  In her response to the United States'

---

negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

motion, plaintiff does not deny that she failed to file a timely administrative claim under the FTCA. Instead, as the court understands her position, she contends her claim is not subject to the FTCA because Sepulveda was not acting within the course and scope of his employment at the time of the subject accident and/or because the Attorney General, having failed to timely certify that Sepulveda was within the scope of his employment when the accident occurred, is precluded from asserting otherwise herein.

In regard to the latter contention, plaintiff argues that the Attorney General's certification was "untimely and invalid" since it was not made "before trial." See § 2679(d)(2) (providing for removal of case against federal employee upon Attorney General's scope of employment certification "at any time before trial"). It is clear, however, the certification and removal in this case occurred "before trial." The state court record reflects that prior to removal, plaintiff had secured a clerk's entry of default, but as of October 1, 2010, the date of removal and the Attorney General's scope of employment certification, no default judgment had been entered. A hearing had been scheduled on plaintiff's motion for default judgment, but no default judgment had been entered, nor could one have been entered prior to a hearing since plaintiff sought an unliquidated sum. See Capital One Servs., Inc. v. Rawls, 904 So. 2d 1010, 1018 (Miss. 2004) (holding that "[a]n on-the-record hearing must be held prior to the entry of default judgment under which unliquidated damages are

7

requested"). Under the circumstances, it is manifest that the removal and certification were timely. Cf. Kizer v. Sherwood, 311 F. Supp. 809, 811 (M.D. Pa. 1970) (finding that removal under § 2679 was timely even after entry of default judgment in state court because parties could still proceed to trial on damages and such trial had not yet begun).[4]

Since the Attorney General's removal and certification were timely, the certification is conclusive for purposes of removal, as plaintiff acknowledges. See § 2678(d)(2)(providing that Attorney General's certification "shall conclusively establish scope of office or employment for purposes of removal"). However, plaintiff evidently does not seek remand.[5] Instead, ultimately, her challenge is to the correctness of the Attorney General's certification that Sepulveda was acting within the scope of his employment at the time of the subject accident.

The Supreme Court held in Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 420, 115 S. Ct. 2227, 132 L. Ed. 2d 375 (1995), that while the Attorney General's certification of scope of employment under the Westfall Act is conclusive for removal purposes, it is

---

[4] The court considers, infra p. 17-18, the effect of the clerk's entry of default and pending motion for default judgment.

[5] Since the Attorney General's certification is conclusive for purposes of removal, the only arguable basis for challenge to removal suggested by plaintiff's response relates to the timeliness of the certification and removal. But plaintiff has not moved to remand on this basis. Her argument concerning timeliness apparently is simply that the certification is invalid because the removal and certification were untimely.

8

subject to judicial review. In the Fifth Circuit, the court's review of whether a federal employee was acting within the scope of his employment under the Act is de novo, and requires the application of the law of the state in which the employee's conduct occurred. See Garcia v. United States, 62 F.3d 126, 127 (5th Cir. 1995) (en banc) (citing Williams v. United States, 71 F.3d 502, 505 (5th Cir. 1995)). The Fifth Circuit has held, moreover, that on this issue, the plaintiff bears the burden of proof "to show that the defendant's conduct was not within the scope of his or her employment," without deference to the Attorney General's certification as prima facie evidence of the scope of employment. Williams, 71 F.3d at 506;[6] see also Palmer v. Flaggman, 93 F.3d 196, 198-199 (5th Cir. 1996) ("We give no judicial deference to the Attorney General's findings.

---

[6] In Williams v. United States, 71 F.3d 502 (5th Cir. 1995), the court observed that only two circuits, the Fourth and Tenth Circuits, had held that the Attorney General's certification constitutes conclusive evidence that the defendant-employee was acting within the scope of his employment. Id. at 505 (citations omitted). Four circuits, the D.C., Third, Sixth and Eighth, had held that the Attorney General's certification constitutes prima facie evidence that the employee's challenged conduct was within the scope of his employment, thus putting the burden on the plaintiff to alter the status quo by coming forward "with specific facts rebutting the government's scope-of-employment certification." Id. (citations omitted). The Fifth Circuit was persuaded to join the Ninth, Seventh, Eleventh and First Circuits, which "place the burden on the plaintiff to establish that the employee's conduct exceeded his scope of employment without deferring to the Attorney General's certification as prima facie evidence." Id. (citations omitted).

9

Nonetheless, the burden of proof lies with the plaintiff to show that the Attorney General's initial decision was incorrect").[7]

Plaintiff does not dispute the Government's assertion that at the time of the accident, Sepulveda was an employee of the U.S. Health and Human Services Office of the Assistant Secretary for Emergency Preparedness and was part of a National Disaster Medical Service Disaster Medical Assistance Team that was traveling in a convoy to the site of Hurricane Katrina to provide medical assistance to injured persons in the region.  However, she disputes the conclusion that on these facts, Sepulveda was acting within the scope of his federal employment when the accident occurred.  Plaintiff points out that Sepulveda, a resident of North Carolina, was traveling to the site of Hurricane Katrina when the automobile collision at issue occurred.  She argues that on these facts, the "going and coming rule" applies, which holds, as a general rule, that "the hazards encountered by employees while going to or returning from their regular place of work and off the employer's premises are not incident to employment and accidents arising therefrom are not compensable." Stepney v. Ingalls Shipbuilding Div., Litton Sys., Inc., 416 So. 2d 963, 964 (Miss. 1982); cf. Hurdle and Son v. Holloway, 749 So. 2d 342, 348

---

[7] In light of the clear Fifth Circuit authority, plaintiff's argument that the Government's motion must be denied because the Government "has not met its burden of showing Walter Sepulveda's employment status and whether he was acting in the course and scope of his employment at the time the relevant automobile collision occurred," is incorrect.  The burden is on plaintiff, not the Government.

10

(Miss. Ct. App. 1999) (explaining that "in the case of an employee having a fixed place of employment, the employee and not the employer generally assumes the hazards associated with going to and from the place of employment").  However, as the Government notes, this "going and coming" rule applies to travel to and from the employee's "regular" or "fixed" place of employment; and plaintiff here has not offered any evidence to suggest that the site of Hurricane Katrina was Sepulveda's regular or fixed place of work, or to show that he was not ordered to travel by his employer.[8]  And she has offered no other basis, factual or legal, for a conclusion that Sepulveda was not within the scope of employment at the time of the accident.  Accordingly, the court concludes that the FTCA provides plaintiff's exclusive remedy for Sepulveda's alleged negligence.

Although plaintiff implicitly admits she did not file an administrative claim with Sepulveda's employing agency within two years of the accident, she argues in response to the Government's motion that this limitations period for filing such claim should

---

[8] The court notes that plaintiff has argued that defendant's motion is premature "at this juncture," and alludes to the fact that there has been no discovery.  However, plaintiff has not moved for a continuance pursuant to Rule 56(f), nor suggested any basis upon which such a motion might be appropriate.
   Plaintiff also argues that the scope of employment issue is "a factual question within the sole purview of the trier of fact, [making] summary judgment inappropriate."  However, "[t]he determination of whether the employees' actions were within the scope of employment for purposes of the Westfall Act, where the facts are undisputed, is a question of law." Dillon v. State of Miss., Military Dept., Army Nat. Guard, 827 F. Supp. 1258, 1262 (S.D. Miss. 1993) (citations omitted).

11

be equitably tolled. However, assuming solely for the sake of argument that the limitations period under § 2401(b) could be subject to equitable tolling, in the court's opinion, plaintiff has failed to demonstrate that equitable tolling is appropriate in this case.

As plaintiff notes, in Kelley v. United States, 568 F.2d 259 (2d Cir. 1978), the Second Circuit noted that

> [i]n exactly the most excusable and understandable case-the case of the plaintiff who sues in ignorance of the fact that the defendant was a federal driver operating within the scope of his employment-requiring an administrative filing [would] produce[] the most unjust refinement of interpretation: the plaintiff must have filed a [federal administrative] claim that he did not know he had; [on pain of having] his suit ... dismissed.

Id. at 266. To prevent what it perceived as an unjust result, the court held that the administrative-exhaustion requirement did not necessarily apply to tort actions initially brought in state court but then removed to federal court. See id. at 265-68. Subsequent to Kelley, the Westfall Act was amended to provide that:

> Whenever an action or proceeding in which the United States is substituted as the party defendant . . . is dismissed . . ., such a claim shall be deemed timely . . . . if the claim would have been timely had it been filed on the date the underlying civil action was commenced, and the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5)(A)-(B). In Celestine v. Mount Vernon Neighborhood Health Center, 403 F.3d 76, 84 (2d Cir. 2005), the court held that the amendment did not resolve the problem that

12

exists for a plaintiff who, reasonably thinking he has a state law claim, brings suit within the longer state limitations period and yet outside the federal one. The court stated:

> To the extent that federal-state disparities in statutes of limitations yield results-akin to the pre-Westfall Act exhaustion prerequisites-in FTCA suits brought originally in state court by plaintiffs who were unaware that the named tortfeasor was acting as an agent of the United States, the reasoning of Kelley perdures, and that reasoning may well require equitable tolling in instances where there is a shorter federal statute of limitations, and the difference between these statutes of limitations is determinative of whether the suit can proceed.

Id. at 84.

As plaintiff notes, the Fifth Circuit has not addressed this specific issue.[9] However, the Fifth Circuit has cautioned that

---

[9] In Houston v. United States Postal Service, 823 F.2d 896, 900-02 (5th Cir. 1987), the Fifth Circuit recognized the "quandary in which a plaintiff may find himself if he has no reason to suspect that the defendant driver is a government employee," yet it rejected Kelley in favor of the majority view that "[t]here is no equitable exception to the jurisdictional prerequisites of the Federal Tort Claims Act...." Id. at 901 n.4 (citations omitted). Subsequently, in light of the Supreme Court's decision in Irwin v. Department of Veterans Affairs, 498 U.S. 89, 94-96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990), the Fifth Circuit held that "where the principles of equitable tolling would ordinarily apply, such tolling should be allowed in an FTCA case." In Irwin, the Supreme Court had held that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." Irwin, 498 U.S. at 95-96, 111 S. Ct. 457. Citing Irwin, the Perez court recognized that equitable tolling will not apply "where the claimant failed to exercise due diligence in preserving his legal rights" or the failure to timely file is attributable "to what is at best a garden variety claim of excusable neglect." Id. at 917 (quoting Irwin, 498 U.S. at 96, 111 S. Ct. 453). In Perez, the plaintiff had presented an administrative claim within

"[e]quitable tolling is to be applied 'sparingly.'" Granger v. Aaron's, Inc., No. 10-30789, 2011 WL 1049529, 4 (5th Cir. Mar. 24, 2011) (citing National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002)). And even when equitable tolling is possible, "[t]he plaintiff has the burden to provide justification for equitable tolling." Id. (citing Wilson v. Sec'y, Dep't of Veterans Affairs, 65 F.3d 402, 404 (5th Cir. 1995) (per curiam)). In Irwin v. Department of Veterans Affairs, the Supreme Court wrote:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.  We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

---

two years but, because of her attorney's misunderstanding of the dual nature of the Texas National Guard (as a state and federal agency), she presented her claim to the National Guard, and not to the United States Army Claims Office.  Id.  The court concluded that "equitable tolling is available where a plaintiff has actively pursued judicial remedies but filed a defective pleading, as long as the plaintiff has exercised due diligence." Id.  The court concluded that the plaintiff there had exercised due diligence and that her actions did not amount to "garden variety" negligence because she "took some step recognized as important by the statute before the end of the limitations period." Id. at 918.
     The Fifth Circuit has not considered whether equitable estoppel could apply where a plaintiff fails to timely file an administrative claim due to a shorter state limitations period, coupled with her lack of awareness that the tortfeasor was acting as an agent of the United States.

14

498 U.S. 89, 96, 111 S. Ct. 453, 458, 112 L. Ed. 2d 435 (1990).[10] Citing Irwin, the Fifth Circuit in Perez v. United States recognized that equitable tolling will not apply "where the claimant failed to exercise due diligence in preserving his legal rights" or the failure to timely file is attributable "to what is at best a garden variety claim of excusable neglect." 167 F.3d 913, 917 (5th Cir. 1999) (quoting Irwin, 498 U.S. at 96, 111 S. Ct. 453). Thus, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Fla., – U.S. –, 130 S. Ct. 2549, 2566 (2010).

---

[10] Recently, although holding to the position equitable tolling is available under the FTCA, one court has observed "that the reasoning in certain recent Supreme Court decisions might call into question whether equitable tolling is available in FTCA claims and thus raise doubt as to the continuing viability of [this position]." Santos ex rel. Beato v. United States, 559 F.3d 189, 196 (3d Cir. 2009) (citing, inter alia, John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 128 S. Ct. 750, 755-56, 169 L. Ed. 2d 591 (2008) (distinguishing statutes of limitations protecting individual defendants, subject to waiver and equitable tolling, from those limiting the scope of governmental waiver of sovereign immunity, where equitable considerations are less likely to apply), and United States v. Kubrick, 444 U.S. 111, 117-18, 100 S. Ct. 352, 357, 62 L. Ed. 2d 259 (1979) (cautioning courts neither to extend nor to narrow the FTCA's statute of limitations from what Congress intended, because assertion of a claim within the limitations period is a condition of FTCA's waiver of sovereign immunity)).

15

Here, plaintiff asserts she did not know until well after suit was filed that Sepulveda was a federal employee in the course and scope of his employment at the time of the accident; but she has not undertaken to show that she exercised due diligence to inquire as to his status at any time in the two years following the accident. See Gonzalez v. United States, 284 F.3d 281, 291 (1st Cir. 2001) (requiring due-diligence showing that the plaintiff made inquiries "as to the status of the defendants as federal employees" before it would consider a claim for equitable tolling, and stating that "[a]lthough the plaintiff did not know the federal status of the defendants at the time of her [medical] treatment, she and her attorneys had two years to ascertain the legal status of the doctors and could easily have learned it. Instead, they simply assumed that this was a state case and failed to make any inquiries whatsoever to confirm their assumption."); Gould v. U.S. Dep't Health & Human Servs., 905 F.2d 738, 744-46 (4th Cir. 1990)(en banc)(implying that plaintiff has affirmative duty to investigate whether tortfeasor is an agent of the United States). According to the government, although plaintiff originally retained an attorney from Louisiana, she took no action to associate a Mississippi attorney to file a complaint within Mississippi's three-year limitations period until mere days before the limitations period was to expire. Unlike the plaintiff in Perez, plaintiff herein has not shown that took any step

16

"recognized as important by the [FTCA] before the end of the limitations period." Id. at 918.

Plaintiff implies that Sepulveda's failure to timely answer the complaint, and the Attorney General's waiting until almost two years after her complaint was filed to certify that Sepulveda was acting within the scope of his employment when the accident occurred, is somehow relevant to tolling. However, by the time plaintiff filed her complaint, the time for her to have filed a timely administrative complaint as required by the FTCA had long passed. Nothing Sepulveda or the United States did or failed to do caused or contributed to plaintiff's failure in this regard. In the court's opinion, plaintiff has failed to prove that equitable tolling is justified in this case.

As an alternative basis for avoiding dismissal, plaintiff argues that the fact that default was entered against Sepulveda in the state action prior to removal should "rightfully serve to strip Defendants of any and all defenses." That is to say, she argues that since default had already been entered against Sepulveda and liability thus established prior to removal, then the United States is precluded from asserting any defense by which it might escape liability. As plaintiff puts it, in view of the extant default status of the case prior to removal, this court must reject any defense the United States might offer and "restore the case to the unopposed status as it was prior to removal for

17

one final hearing on the issue of damages before the Judge, as is done in default judgment proceedings."

It is true that "when a case is removed, the federal court takes it as though everything done in the state court had in fact been done in the federal court." Murray v. Ford Motor Co., 770 F.2d 461 (5th Cir. 1985) (citing Savell v. Southern Ry., 93 F.2d 377, 379 (5th Cir. 1937)).  Thus, this court must consider that there has been a clerk's entry of default and that a motion for default judgment remains pending.  However, in the court's opinion, good cause exists to set aside the entry of default, as required by Federal Rule of Civil Procedure 55(c).[11]  Indeed, in an analogous case, the Mississippi Supreme Court found good cause to vacate a default entry where the individual defendant against whom default had been entered could not be held liable pursuant to the Mississippi Tort Claims Act.  See King v. Bunton, 43 So. 3d 361, 364 (Miss. 2010).

Based on all of the foregoing, the court concludes that the Government's motion is well taken, and therefore it is ordered that plaintiff's complaint should be dismissed with prejudice.

---

[11] "Rule 55(c) does not refer to a motion.  The prevailing rule appears to be that the court may set aside the entry of default sua sponte, provided of course that the court finds good cause to do so."  Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2692 (3d ed.); see also Anheuser Busch v. Philpot, 317 F.3d 1264, 1267 (11th Cir. 2003) (entry of default that provided neither relief nor damages was not a final default judgment and could be set aside sua sponte by the court for "good cause").

18

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

This the 2nd day of May, 2011.

<div style="text-align: right;">

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

</div>